Patrick Q. Hustead, #4420
Connor L. Cantrell, #54557999
The Hustead Law Firm
4643 South Ulster St., Ste. 1250
Denver, CO 80237
Telephone: 303-721-5000
Email: pqh@thlf.com; clc@thlf.com
*Attorneys for Defendant William M. Austin*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| JAMES CHVILICEK,<br><br>Plaintiff<br>vs.<br><br>WILLIAM M. AUSTIN and JOHN DOES 1-5.<br><br>Defendants | CASE NO. CV-20-139-DLC-KLD<br><br><br><br>WILLIAM M. AUSTIN'S PRELIMINARY PRETRIAL STATEMENT |

Defendant, William M. Austin ("Mr. Austin") by and through his undersigned counsel, The Hustead Law Firm, A Professional Corporation, pursuant to this Court's September 9, 2020 Order, L.R. 16.2(b)(1), Fed. R. Civ. P. 16(b)(3)(B)(iii), and Fed. R. Civ. P. 26(f)(3)(C) hereby submits this Preliminary Pretrial Statement, and states as follows:

## I.   BRIEF FACTUAL OUTLINE

1.   This matter arises out of a two-vehicle collision involving Defendant William Austin ("Mr. Austin"), his late wife, Kimberly Austin, and Plaintiff James Chvilicek ("Plaintiff"), which occurred on September 11, 2017, just north of West Glacier, Montana (the "Incident").

2. Mr. Austin and his wife were driving their 2002 Ford F-250 westbound on U.S. Highway 2, toward the Crown of the Continent Discovery Center (the "Discovery Center"), located at 12,000 U.S. Highway 2, West Glacier, Montana 59912. Approximately one to two minutes out from the Discovery Center, Mr. Austin transitioned from the slow (right) lane into the fast (left) lane and prepared to turn into the middle lane designated for turning only.

3. Anticipating his turn into the Discovery Center, Mr. Austin, activated his left turn signal, steadily slowed from approximately seventy mph (the posted speed limit) to about forty-five mph, and gradually began to move from the left lane into the dedicated turn lane. Before the Austins were fully in the dedicated turn lane they were rear-ended by Plaintiff's 1997 Ford F-250.

4. The collision forced the Austins' vehicle across the highway into a ditch near the Discovery Center's entrance. Mr. Austin was knocked unconscious because of the collision, and he does not remember all the details of the Incident.

## II. JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant to U.S.C. § 1332(a)(1), and the substantive law of Montana applies pursuant to *Erie*….

2. The Complaint alleges that Plaintiff is and was at all times relevant a resident and citizen of the State of Montana. *See* Complaint at ¶ 1.

3. The Complaint also alleges that Mr. Austin is and was at all times relevant a resident and citizen of the State of Michigan. *See id* at ¶ 2.

4. In the Complaint, Plaintiff references a settlement demand he made on December 20, 2017 which included a demand for the "policy limits" in exchange for releases. *See id* at ¶ 51. Plaintiff also incorporated the December 20, 2017 demand letter as an exhibit to the Complaint. *See id.*

5. The insurance policy that applies to this matter contains the following limits, as described more fully in the policy:

    a.    $100,00 for residual bodily injury per person;

    b.    $300,000 for residual bodily injury per occurrence; and

    c.    $50,000 for residual property damage per occurrence.

6. In light of the foregoing, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states as that term is defined in 28 U.S.C. § 1332.

7. Thus, this Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1).

8. Pursuant to 28 U.S.C. § 1391, venue is proper because a substantial part of the events or omissions giving rise to this matter occurred in the state of Montana.

### III. FACTUAL AND LEGAL BASIS FOR DEFENSES

1. Mr. Austin's Affirmative Defenses are listed below with the legal theory underlying each defense following the same.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted. In Montana, "[t]he driver of a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the roadway." *See* § 61–8–329(1), MCA. Further, "[a] motor vehicle being driven upon a roadway…must be operated in a manner that allows sufficient space between each vehicle or combination of vehicles to enable any other vehicle to enter and occupy the space without danger." *See* § 61–8–329(2), MCA. Plaintiff was following Mr. Austin too closely and traveling at a speed that did not allow sufficient space between his vehicle and Mr. Austin's vehicle. Therefore, Plaintiff had the primary duty of avoiding the collision.

3. Plaintiff's claims for damages against Mr. Austin are barred or should be comparatively reduced by Plaintiff's comparative negligence. Under § 27-1-702, MCA (effective on occurrence of contingency), "[c]ontributory fault does not bar recovery in an action by a person…to recover tort damages for…injury to a person or property if the contributory fault was not greater than the fault of the defendant or the combined fault of all defendants and nonparties, but damages

4

allowed must be diminished in proportion to the percentage of fault attributable to the person recovering."  Here, Plaintiff had the last clear chance to avoid hitting Mr. Austin's vehicle, but he was not paying attention and driving too fast/too close behind Mr. Austin. Mr. Austin's turn signal was on and he legally attempted to move from the left lane into the left turn lane.  Plaintiff should have had a clear line of sight to Mr. Austin's truck, turn signal, and brake lights, but he told witnesses that he looked down at something is his truck just prior to the collision. Plaintiff was also wrongfully traveling in the left lane rather than the right lane, as the left lane is designated for passing.  Thus, Plaintiff was primarily liable for the collision and he should be precluded from recovery, or his recovery should be reduced by his comparative fault.

4. Plaintiff's claims against Mr. Austin are barred in whole or part by Plaintiff's pre-existing conditions and/or subsequent injuries.  In Montana, a defendant may submit evidence of pre-existing injuries to negate allegations that he is the cause or sole cause of the current injury, subject to the trial court's application of traditional evidentiary considerations. *See Clark v. Bell*, 2009 MT 390, ¶ 25, 353 Mont. 331, 338, 220 P.3d 650, 655.  "A tortfeasor should only be held liable for injuries which he causes. He should not be held liable for damages sustained by the plaintiff in a subsequent accident involving a separate tortfeasor." *Beil v. Mayer*, 242 Mont. 204, 208, 789 P.2d 1229, 1232 (1990).   Upon

5

information and belief, Plaintiff may have had pre-existing injuries similar to the ones he claims were caused by the Incident and Plaintiff also may have sustained similar injuries after the Incident, which he claims because of the Incident. Accordingly, Plaintiff's pre-existing conditions and/or subsequent injuries preclude (in whole or in part) Plaintiff's claims against Mr. Austin.

5. Plaintiff's damages, if any, may have been caused by third parties over whom Mr. Austin had no control or right to control, which bars Plaintiff's claims against Mr. Austin.  As discussed in paragraph 3 within this section, Montana follows a modified comparative fault rule that reduces the amount of damages a Plaintiff can receive if Plaintiff is less than fifty percent responsible. *See* § 27-1-702, MCA.  Here, Plaintiff is at least partially responsible for rear-ending Mr. Austin's vehicle, if not wholly liable.  Further, Plaintiff pled negligence claims against "John Does 1-5" in the Complaint. *See* Complaint at ¶¶ 67-69. As such, upon information and belief, Plaintiff is at least partially liable for the Incident and there are third parties that may also be responsible for causing the Incident.

6. Plaintiff may have failed to mitigate his damages, if any, which bars or comparatively diminishes his right to recover herein.  Mitigation of damages is properly considered a defense. *E.C.A. Envtl. Mgmt. Servs., Inc. v. Toenyes*, 208 Mont. 336, 350, 679 P.2d 213, 220 (1984).  "The duty of the injured party to

reduce or mitigate damages 'is a positive duty, within limits...'" *Kraft v. High Country Motors, Inc.*, 2012 MT 83, ¶ 60, 364 Mont. 465, 478, 276 P.3d 908, 918. "A '…damaged party is only expected to do what is reasonable under the circumstances and need not embark upon a course of action which may cause further detriment to him.'" *Id.* Plaintiff has asserted that he sustained both personal injury damages and property damages as a result of the Incident. But Plaintiff has not provided any evidence that he attempted to mitigate his alleged damages, and further evidence will be sought/obtained in discovery. Therefore, Plaintiff's failure to mitigate his damages bars or comparatively reduces his claims against Mr. Austin.

7. Mr. Austin's alleged negligence, if any, was not the proximate cause of some or all of Plaintiff's alleged damages, injuries, and losses. "In order for the defendant's negligence…to be the proximate cause of the plaintiff's injury, it must appear from the facts and circumstances surrounding the accident…that the defendant as an ordinarily prudent person, could have foreseen that the plaintiff's injury would be the natural and probable consequence of the wrongful act." *See Busta v. Columbus Hosp. Corp.*, 276 Mont. 342, 365, 916 P.2d 122, 135 (1996). Here, Mr. Austin and his late wife were camping approximately five minutes away from the Discovery Center, which is where the Austins were heading on the date of the Incident. On September 11, 2017, Mr. Austin and his wife entered U.S.

Highway 2 and remained in the right, westbound lane for approximately three to four minutes. Then, Mr. Austin engaged his left turn signal and transitioned into the left lane, where he remained for approximately one to two minutes in preparation for exiting the highway at the Discovery Center's entrance. In advance of exiting the highway at the Discovery Center, Mr. Austin engaged his left turn signal again to get into the designated turn lane and he began slowing is vehicle to accomplish the transition. Before Mr. Austin was able to fully transition into the designated turn lane, Plaintiff rear-ended Mr. Austin. Mr. Austin could not have foreseen the Incident occurring because he followed all legal requirements in his attempt to make the turn and had no idea that Plaintiff would rear-end him. Thus, Mr. Austin's actions were not a proximate cause of Plaintiff's claimed damages.

8. Plaintiff's claims against Mr. Austin are barred by the doctrine of laches. The doctrine of laches is an equitable remedy—asserted as an affirmative defense under M. R. Civ. P. 8(c)(1)—"…by which a court denies relief to a claimant who has unreasonably delayed or been negligent in asserting a claim, when the delay or negligence has prejudiced the party against whom relief is sought." *Anderson v. Stokes*, 2007 MT 166, ¶ 19, 338 Mont. 118, 163 P.3d 1273. To determine whether laches applies, a Court must find: (1) the party against whom the defense is asserted lacked diligence in asserting a claim; and (2) that lack of diligence resulted in prejudice to the party asserting the defense. *See*

8

*Wicklund v. Sundheim*, 2016 MT 62, ¶ 40, 383 Mont. 1, 367 P.3d 403. As stated above, the Incident occurred on September 11, 2017 and Plaintiff filed his Complaint on March 9, 2018. Plaintiff waited nearly eighteen months to serve Mr. Austin after filing the Complaint. Since the Complaint was filed, Mr. Austin's wife (a key witness) passed away, physical evidence has disappeared or has been repaired, and witnesses' memories have faded and they may be unreachable. For these reasons, Plaintiff's unreasonable delay in prosecuting his case has prejudiced Mr. Austin's defenses. Accordingly, Plaintiff's claims are barred by the doctrine of laches.

9. Plaintiff's damages, if any, may be reduced by the amounts of any and all payments received from a collateral source. "In an action arising from bodily injury…when the total award against all defendants is in excess of $50,000 and the plaintiff will be fully compensated for the plaintiff's damages, exclusive of court costs and attorney fees, a plaintiff's recovery must be reduced by any amount paid or payable from a collateral source that does not have a subrogation right." § 27-1-308(1), MCA. Upon information and belief, Plaintiff benefits from insurance provided by private health insurance, state Medicaid, Medicare, workers' compensation, or governmental assistance programs, which would reduce Plaintiff's damages award (if any). Therefore, if Plaintiff obtains a damages award

in excess of $50,000, that amount should be reduced by his collateral source benefits.

10. Mr. Austin also intends on requesting leave to file an Amended Answer and Jury Demand asserting the additional affirmative defense that Plaintiff's claims for relief may be barred or reduced under the doctrines of set-off or recoupment. Set-off or "[r]ecoupment, at common law, is the right of the defendant, in the same action, to cut down the plaintiff's demand…" *Mattson v. Julian*, 209 Mont. 48, 53, 678 P.2d 654, 657 (1984). Here, Mr. Austin incurred both medical expenses and property damage because of the collision. Accordingly, Plaintiff's damages award (if any) should be barred or reduced because of set-off or recoupment.

### IV. DAMAGES AND RELATED LITIGATION

1. At this time, Mr. Austin has not asserted any damages against Plaintiff, but he reserves the right to seek appropriate attorneys' fees and costs if he prevails in this litigation.

2. Mr. Austin disputes Plaintiff's alleged damages because on the date of the Incident Plaintiff admitted to two witnesses (Mr. Brandon Kitt and Ms. Madison Mayer) that Plaintiff looked down at something in the cab of his vehicle immediately before the collision, which contributed to Plaintiff rear-ending Mr. Austin's vehicle. If Plaintiff had not looked down, he would have seen Mr.

Austin's vehicle in front of him, Mr. Austin's turn signal, and Mr. Austin's brake lights. Thus, Plaintiff would have had sufficient notice to slow down, move to the right lane, and/or otherwise take action to where he would not have rear-ended Mr. Austin's vehicle.

3. Mr. Austin also disputes Plaintiff's claim for lost wages. Plaintiff's claim for lost wages is based on his income when he was in the National Guard (prior to the subject incident), but at the time period relevant to this case, Plaintiff was working as a carpenter. Plaintiff also claims that he could not work for nearly eight months after the collision, but his treating medical provider stated he would only miss approximately two to three months of work, if any. Further, Plaintiff claims $55,056.97 in lost wages and an additional $88,346.33 for lost revenue, which is essentially the same thing in this case because Plaintiff was a self-employed carpenter.

4. Mr. Austin also disputes Plaintiff's claims for future medical expenses. Plaintiff claims that he was primarily treated for a right ankle fracture, but his medical records indicate that at least some of the fractures were age indeterminate, well corticated, and likely old fractures. Moreover, Plaintiff's treatment providers directed Plaintiff to participate in physical therapy, but Plaintiff did not comply with that direction.

5. On March 9, 2018, Plaintiff filed his Complaint with Montana's Eleventh Judicial District Court for Flathead County, Montana (Case No. DV-18-234D). After Mr. Austin was served (on August 26, 2020), on September 8, 2020, Mr. Austin filed a Notice of Removal, which removed this case to the United States District Court for the District of Montana – Missoula Division.

6. To Mr. Austin's knowledge, there is not any other related state or federal action pertaining to this matter.

## V. PROPOSED ADDITIONAL STIPULATIONS OF FACT

1. At the time of the incident, Mr. Austin was driving with his late wife in their 2002 Ford F-250 traveling south on MT HWY 2 in the left lane of travel toward the Crown of the Continent Discovery Center (the "Discovery Center").

2. Mr. Austin was traveling south on MT HWY 2 in the left lane of travel for approximately two minutes prior to the incident occurring.

3. As the Austins approached the entrance for the Discovery Center, Mr. Austin engaged his left turn signal, slowed to approximately forty-five mph and gradually began to enter the dedicated turn lane.

4. Mr. Austin was rear-ended by Plaintiff as he was attempting to transition from the left lane into the designated turn lane.

5. As a result of the impact, Mr. Austin's vehicle veered left, past the Discovery Center's entrance, and into a ditch on the side of U.S. Highway 2.

6. Mr. Austin disputes liability, causation, and Plaintiff's alleged damages.

## VI. PROPOSED DEADLINES FOR JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1. Proposed deadline for Joinder of Parties – January 18, 2021.

2. Proposed deadline for Amendment of Pleadings – January 18, 2021.

## VII. ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION

1. Not applicable at this time.

## VIII. POTENTIAL WITNESSES

1. James Chvilicek – C/O Bliven Law Firm, P.C., 278 Fourth Avenue East North, Kalispell, Montana 59901, (406) 755-6828.

2. William M. Austin – C/O The Hustead Law Firm, A Professional Corporation, 4643 South Ulster Street, Suite 1250, Denver, Colorado 80237, (303) 721-5000.

3. Linda Wilson – (406) 387-4405.

4. Patrick Clark – (801) 712-6689.

5. Ann Dawidziak – (310) 510-8404.

6. Linda Akers – (601) 415-4229.

7. Brandon Kitt – (918) 284-2165.

8. Madison Mayer – (918) 691-3512.

9. Current and former employees and/or representatives of the Montana Highway Patrol including Trooper James Hawkins – 2550 Prospect Avenue, Helena, MT 59620 (406) 444-3780.

10. Any unidentified witnesses at the scene of the Incident.

11. Any unidentified treatment providers.

12. Any individuals and/or entities identified by any party in this matter.

13. Any individuals and/or entities identified during discovery.

14. Any individuals and/or entities identified in any document produced by any party in this matter.

15. Any witness necessary for rebuttal or impeachment.

16. Any expert witness identified by any party in this matter.

17. Any person necessary to lay foundation or authenticate documents.

## IX. APPLICABLE INSURANCE POLICY

1. The subject policy issued by Home-Owners Insurance Company (Policy No. 95-792226-01) was produced with Mr. Austin's initial disclosure documents.

## X. SETTLEMENT STATUS

1. To date, Plaintiff has not provided Mr. Austin with a settlement demand, complete medical records or bills, and only minimal information pertaining to Plaintiff's property damage claim. Mr. Austin is unable to accurately

analyze Plaintiff's claim for damages without supporting documentation or information. Nevertheless, Mr. Austin's counsel will continue their efforts to possibly settle this matter prior to trial.

## XI.     SUITABILITY OF SPECIAL PROCEDURES

1.     Not applicable at this time.

## XII.     ELECTRONIC DISCOVERY

1.     At this time, Mr. Austin does not anticipate that the claims or defenses in this case will involve extensive electronically stored information. Currently, Mr. Austin does not have any issues pertaining to the preservation of such information or the form in which such information should be produced pursuant to Fed. R. Civ. P. 26(f)(3)(C). Nevertheless, Mr. Austin requests the opportunity to discover electronically stored information and that such information be preserved/disclosed pursuant to Fed. R. Civ. P. 16(b)(3)(B)(iii).

[Signatures Follow]

Respectfully submitted this 10th day of November, 2020.

        The Hustead Law Firm
         *A Professional Corporation*

        *The Original Signature is on File at*
        *The Hustead Law Firm, A Professional*
        *Corporation*


        */s/ Connor L. Cantrell*
        Patrick Q. Hustead, Esq.
        Connor L. Cantrell, Esq.
        The Hustead Law Firm, *A Professional Corporation*
        4643 S. Ulster Street, Suite 1250
        Denver, CO 80237
        (303) 721-5000
        pqh@thlf.com
        clc@thlf.com
        *Attorneys for Defendant William M. Austin*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of November, 2020, I delivered a true and correct copy of the foregoing **WILLIAM M. AUSTIN'S PRELIMINARY PRETRIAL STATEMENT** via ECF and/or Electronic Mail and/or U.S. Mail to the following:

Aaron J. Brann
Michael A. Bliven
Bliven Law Firm, P.C.
278 Fourth Ave E.N.
Kalispell, MT 59901
*Attorneys for Plaintiff*

                                            *The Original Signature is on File at*
                                            *The Hustead Law Firm, A Professional*
                                            *Corporation*


                                            */s/ Connor L. Cantrell*
                                            Connor L. Cantrell